UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


ROGELIO YANES,                      :
                                    :
          Petitioner     :
                                    :    CIVIL NO. 1:CV-08-2234
          vs.                       :
                                    :    (Judge Caldwell)
SUPERINTENDENT JOSEPH NISH,    :
et al.,                             :
                                    :
          Respondents.    :


*M E M O R A N D U M*

I.    *Introduction*

        Petitioner, Rogelio Yanes, an inmate at the Waymart

State Correctional Institution, Waymart, Pennsylvania, filed this

pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254.  Yanes challenges his 2002 Monroe County Court of Common

Pleas convictions for rape, statutory sexual assault, and

corruption of minors.  We will deny Yanes' petition because we

agree with Respondents that it is untimely under the one-year

statute of limitations applicable to 2254 petitions.


II.    *Background*

        Yanes is serving a five- to ten-year sentence for rape,

statutory sexual assault, and corruption of minors that was

imposed by the Court of Common Pleas of Monroe County on December

9, 2002. On January 8, 2003, Yanes filed a direct appeal with the Superior Court of Pennsylvania. On September 29, 2003, the Superior Court affirmed his conviction. *See Commonwealth v. Yanes,* 160 EDA 2003 (Pa. Super. Sept. 29, 2003).[1] Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On February 17, 2004, Yanes filed a timely pro se petition for postconviction relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546. Counsel was appointed and an amended petition was filed on December 21, 2004. On May 2, 2005, the petition was denied. On May 26, 2005, an appeal was filed in the Superior Court. On March 14, 2006, the superior court denied the appeal. *See Commonwealth v. Yanes,* 1507 EDA 2005 (Pa. Super. March 14, 2006).[2] Yanes did not further appeal to the Pennsylvania Supreme Court.

Yanes filed a second PCRA petition on June 24, 2008. On July 22, 2008, the trial court dismissed the second PCRA petition as untimely. Yanes did not appeal this decision to the

---

[1] The docket sheet of Yanes' appeal of the denial of his direct appeal is viewable via the Pennsylvania Judiciary's Web Application Portal, http://ujsportal.pacourts.us/default.aspx.

[2] The docket sheet of Yanes' appeal of the denial of his first PCRA petition is viewable via the Pennsylvania Judiciary's Web Application Portal, http://ujsportal.pacourts.us/default.aspx.

superior court.  *Commonwealth v. Yanes*, CP-45-CR-0000492-2001
(Monroe C.C.P.)(docket sheet).[3]

The present federal habeas corpus petition was filed on
December 15, 2008.  Yanes presents the following three claims: 1)
there were no Hispanics in the jury pool; 2) trial counsel's
ineffectiveness, including not striking a probation officer from
the jury panel and failing to object to the prosecutor's use of
ethnic slurs and to his improper reference to Petitioner's
illegal-alien status; and 3) actual innocence of the crimes for
which he is incarcerated.


III.  *Discussion*

A petitioner confined under a state-court judgment has
one year to file a 2254 petition challenging the judgment.  28
U.S.C. § 2244(d)(1).  As relevant here, the limitations period
runs from "the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for
seeking such review."  *Id.* at § 2244(d)(1)(A).  This language
applies to the right to seek discretionary review in state
appellate courts and means that the judgment does not become
final until the time period for seeking such review expires, even

---

[3] The docket sheet of Yanes' criminal case is viewable via the
Pennsylvania Judiciary's Web Application Portal,
http://ujsportal.pacourts.us/default.aspx.

if review is not sought.  *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).

The limitations period is tolled for the "time during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2)(emphasis added), but a state postconviction petition is not "properly filed" so that it could toll the running of the limitations period if it was untimely filed under state law, *Pace v. DiGugliemo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 660 (2005), and a state court's determination that the petition was untimely is conclusive on a federal habeas court. *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006) ("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.") (internal quotations omitted).

Applying these principles here indicates the 2254 petition is untimely.  On direct appeal, the superior court affirmed Yanes' conviction on September 29, 2003.  Yanes did not seek review in the Pennsylvania Supreme Court, so his conviction became final on October 29, 2003, the day on which his thirty-day period for seeking discretionary review in the Pennsylvania

-4-

Supreme Court expired. *See* Pa. R. App. P. 1113(a).  Thus, the

statute of limitations began running on that date, and ran for

111 days until it was tolled on February 17, 2004, when

Petitioner filed his first, timely PCRA petition.[4]  After the

superior court on March 14, 2006, affirmed the trial court's

denial of relief, the limitations period began running again on

April 13, 2006, the day on which his thirty-day period for

seeking review in the Pennsylvania Supreme Court expired.  With

254 days remaining, in the limitations period at that point, the

limitations period expired on December 24, 2006.  The instant

petition was filed on December 15, 2008, well beyond this

deadline.[5]  Hence it is time-barred.

Petitioner seeks to avoid this result by arguing he is

entitled to equitable tolling of the limitations period.  The

Third Circuit recognizes that equitable tolling is appropriate

when "the principles of equity would make the rigid application

of a limitations period unfair, [quoted case omitted] such as

---

[4] State law is similar to federal law in allowing a PCRA petitioner one year to file a PCRA petition from the date the judgment becomes final, generally defined as the conclusion of direct review, including discretionary review in higher courts, or the expiration of the time for seeking such review.  *See* 42 Pa. C.S. § 9545(b)(1) and (3).

[5] The second PCRA petition does not toll the limitations period for two reasons. First, it was filed on June 24, 2008, after the limitations period expired.  Second, it was dismissed by the state courts as untimely, and thus would not have been "properly filed," as required by 28 U.S.C. § 2244(d)(2) for a state postconviction petition to have a tolling effect.

when a state prisoner faces extraordinary circumstances that
prevent him from filing a timely habeas petition *and* the prisoner
has exercised reasonable diligence in attempting to investigate
and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-276
(3d Cir. 2005)(internal quotation marks omitted)(emphasis in
*LaCava*). "Mere excusable neglect is not sufficient." *Id*. at
276. The court of appeals has identified four circumstances in
which equitable tolling is justified: (1) when the defendant has
actively misled the plaintiff; (2) when the plaintiff has in some
extraordinary way been prevented from asserting his rights; (3)
when the plaintiff has timely asserted his rights, but has
mistakenly done so in the wrong forum; or (4) when the claimant
received inadequate notice of his right to file suit, a motion
for appointment of counsel is pending, or where the court has
misled the plaintiff into believing that he had done everything
required of him. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.
1999). Equitable tolling is to be invoked "only sparingly." *See*
*United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).

        In the present case, Yanes argues he is entitled to
equitable tolling because his PCRA counsel failed to timely
advise him that the superior court had affirmed the denial of his
first PCRA. (Doc. 10, Traverse). Yanes maintains that neither
his PCRA counsel nor the prothonotary of the superior court

-6-

answered his letters inquiring about the status of his PCRA appeal.  (*Id.*)  In support, he offers the letters he wrote to each, dated June 3, 2007, and November 27, 2007, respectively.  (*Id.*, Ex. A and B).  Yanes argues that the superior court and his PCRA counsel "robbed the petitioner of the knowledge that his 1507 EDA 2005, appeal ha[d] been decided.  The lack of [this] information in turn robbed him of the opportunity to file a [timely] Writ of Habeas Corpus petition Action."  (*Id.* at p. 3).  Yanes asserts he did not learn of the superior court's decision until October 2008.

We reject the equitable tolling argument for the following reasons.  First, his attorney's conduct in not responding to Petitioner's letter (or prior letters) is not an extraordinary circumstance.  At most, this would amount to attorney error or negligence which does not rise to the level of extraordinary circumstances.  *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *Cristin v. Wolfe*, 168 Fed. Appx. 508, 511-12 (3d Cir. 2006)(nonprecedential)(equitable tolling not warranted by the petitioner's postconviction counsel's alleged failure to tell her that he was no longer representing her and not filing a petition for allowance of appeal in the Pennsylvania Supreme Court).  For attorney conduct to be an extraordinary circumstance, there must be some form of affirmative misconduct.

*Brown*, *supra*, 322 F.3d at 774 (observing that lawyer's conduct in lying to client that a 28 U.S.C. § 2255 motion or a complaint had been filed may be sufficient to satisfy equitable tolling)(citing *United States v. Wynn,* 292 F.3d 226, 230-31 (5th Cir. 2002) and *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 241-42 (3d Cir. 1999)).  Second, the prothonotary's alleged failure to respond to his letter is also not an extraordinary circumstance as the letter, listing the docket number of his direct appeal, gives no hint that Petitioner is inquiring about his PCRA appeal.

Moreover, Petitioner has not shown reasonable diligence.  His lawyer may have been ignoring him, but he has presented only one attempt to learn from the court the status of the appeal of his first PCRA petition, the letter of November 27, 2007, which was sent some two and one-half years after May 26, 2005, the date the appeal was filed.

IV.    *Conclusion*

We will issue an order denying Yanes' 2254 petition as untimely.  We will also deny a certificate of appealability, based on the above analysis.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability

-8-

does not prevent him from doing so, as long as he also seeks, and

obtains, a certificate of appealability from the court of

appeals.  *See* Fed. R. App. P. 22; Local Rule of Appellate

Procedure 22.1.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 20, 2009

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROGELIO YANES,                    :
                                  :
              Petitioner          :
                                  :    CIVIL NO. 1:CV-08-2234
        vs.                       :
                                  :    (Judge Caldwell)
SUPERINTENDENT JOSEPH NISH,       :
et al.,                           :
                                  :
              Respondents.        :


*O R D E R*


        AND NOW, this 20th day of April, 2009, it is ordered
that:

        1.  The petition (doc. 1) for writ of
habeas corpus under 28 U.S.C. § 2254 is
denied as untimely.

        2.  A certificate of appealability is
denied.

        3.  The Clerk of Court is directed to
close this case.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge